Joseph Panvini (028359)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
jpanvini@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Cecere, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Firstsource Advantage, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**NATURE OF ACTION**

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Michael Cecere ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Pinal, and City of Eloy.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Firstsource Advantage, LLC ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely a personal credit card.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Prior to August 2012, Defendant began trying to collect a debt regarding FIA Card Services, N.A. account number ending in 4400 ("Account 4400") from Plaintiff.

12. Plaintiff, via his counsel, sent written correspondence dated August 28, 2012 to Defendant, regarding Account 4400, and in such correspondence, stated in relevant part:

> Please be advised that this office represents the above-named individual regarding the aforementioned account.
>
> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them.

(See August 28, 2012 correspondence, attached hereto as Exhibit A).

13. Defendant received Plaintiff's notice of representation letter on September 1, 2012 at 9:30 A.M.  (See USPS Delivery Confirmation, attached hereto as Exhibit B).

14. Despite its knowledge that Plaintiff was represented by counsel, Defendant placed a call to Plaintiff's cellular telephone number on September 7, 2012 at 10:02 A.M., and at such time, left a voicemail message stating Defendant was attempting to collect a debt.

15. Plaintiff's counsel did not consent to any direct communication with Plaintiff.

16. At no time, did Plaintiff's counsel fail to respond within a reasonable period of time to any communication from Defendant.

# COUNT I
# VIOLATION OF 15 U.S.C. § 1692c(a)(2)

17. Plaintiff repeats and re-alleges each and every factual allegation above.

18. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to an initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

19. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 22nd day of October, 2012

      By: s/Joseph Panvini
      Joseph Panvini (028359)
      WEISBERG & MEYERS, LLC
      5025 North Central Ave., #602
      Phoenix, AZ 85012
      602 445 9819
      866 565 1327 facsimile
      jpanvini@AttorneysForConsumers.com
      Attorney for Plaintiff